UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN THE MATTER OF: | |
|---|---|
| CH PROPERTIES, INC. | CASE NO. 05-06118(ESL) |
| Debtor | CHAPTER 11 |

### MOTION TO INTERVENE AND OPPOSITION TO
### THE MOTION FILED BY THE MUNICIPALITY OF CAROLINA

**TO THE HONORABLE COURT:**

COMES NOW, FIRSTBANK PUERTO RICO, a creditor and party in interest in this case, through its undersigned counsel and very respectfully states and prays:

1- On July 1, 2005, CH Properties, Inc., filed the instant Chapter 11 bankruptcy case.

2- On July 21, 2005, Debtor filed a motion requesting leave to assume as an executory contract a certain lease agreement that it had with the Municipality of Carolina.

3- On August 10, 2005, the Municipality of Carolina appeared opposing Debtor's motion to assume, arguing that the aforesaid lease agreement was annulled, as illegal, by a judgment entered against the debtor, on June 2nd, 2005, by the Superior Court of Carolina, Court of First Instance of the Commonwealth of Puerto Rico, in consolidated cases FPE 05-0226, FPE 05-0268 and FAC 05-0513.

4- FirstBank Puerto Rico requests leave to intervene in the instant contested matter and opposes the motion filed by the Municipality of Carolina based on the following arguments:

a) On August 5th 2002, CH Properties, Inc., among other borrowers and FitstBank Puerto Rico, hereinafter "Firstbank", signed a Loan Agreement for the principal amount of $6,750,000. See *EXHIBIT 1* to this motion.

b) On the same date CH Properties, Inc., and FirstBank subscribed Deed number 93 of Constitution of First Mortgage Over Leasehold Interest, before Notary Public Michel Rachid Piñeiro. The subject property of the aforesaid lease is the same which debtor has requested to assume in the present case. The leased property was mortgaged in favor of the herein creditor for the amount of $7,425,000.00. See **EXHIBIT 2** to this motion.

c) The cases to which the Municipality of Carolina makes reference were filed after the presentation before the Property Registry of the aforesaid Deed, creating a security agreement in favor of FirstBank.

d) FirstBank was an indispensable party in any action filed before the state courts, challenging the validity of the encumbered asset. See Rule 16.1 of the Puerto Rico Rules of Civil Procedure. It has been held that an indispensable party is that whose interests or rights could be destroyed or affected by a judgment, been said party absent. See: <u>Fred Reyes v. Puerto Rico,</u> 150 D.P.R. 599; <u>Unisys v. Ramallo Brothers</u>, 128 D.P.R. 1991; <u>Fuentes v Trib. De Distrito</u>, 73 D.P.R. 959. The principle established in Rule 16.1 Supra, is based in two foundations, to wit: the constitutional protection that prevents any person from been deprived of his liberty or property without due process (<u>Cepeda Torres v. García Ortiz</u>, 132 D.P.R. 698, 704 (1993) and <u>Carrero Suarez v. Sánchez López</u>, 103 D.P.R. 77 (1974). The second one is the need of having all parties in a proceeding so that the judgment be complete. See: <u>Carrero Suarez,</u> Supra. It has also been said that the purpose of this Rule of Civil Procedure is to protect a non appearing party from the prejudicial effects of a judgment where said party has not been allowed to defend itself, avoiding multiplicity of cases. See: <u>Metropolitan Marble Corp v. Pichardo</u>,

145 D.P.R. 607, Hernández Agosto v. Romero Barceló, 112 D.P.R. 407,412-413 (1982). FirstBank was not summoned and made therefore a party defendant in the cases referred to by the Municipality of Carolina. The aforesaid judgment would certainly affect Firstbank's right to a dully constituted security agreement, creating a constitutionally protected property right. The judgment annulls the lease agreement which was given to this secured creditor as collateral, without allowing us the opportunity of having our day in court. It has been held that a judgment entered in a case where there was missing an indispensable party, can not survive before the constitutional precept that no one should be deprived of liberty or property without due process. Article II, Section 7, Commonwealth of Puerto Rico Constitution and Estrella Carrero Suarez v. Sergio Sánchez López, 103 D.P.R. 77 (1974).

e) It has also been held that a judgment entered in cases where an indispensable party is missing lacks finality and can not affect the party which was not brought to the proceeding. Ex Parte Martínez Soria, 139 D.P.R. 257.

f) With the filing of Debtor's motion to assume the aforesaid lease agreement and the Opposition filed by the Municipality of Carolina a contested matter under Bankruptcy Rule 9014 has been created. FirstBank is an indispensable party to this contested matter as the result of the same could affect our security agreement with the herein debtor. Firstbank filed a proof of claim in the instant case as a secured creditor and wishes to intervene in order to protect its constitutional property right over its security agreement with debtor.

g) The Municipality of Carolina's motion requests relief from the automatic stay. Said request should also be denied due to the following:

aa) The heading of the motion fails to comply with our local rules.

bb) The motion fails to state if the relief sought is against property of the estate or otherwise.

cc) The motion combines the a request for relief from stay with another request (an opposition to a motion under 11 USC 365) which combination is not allowed by local rules.

dd) Motions for relief from stay requires a specific summons which were not used in this case.

ee) The motion was not notified to the US Trustee Office which is a party to all proceedings before the Bankruptcy Court.

WHEREFORE, it is hereby respectfully requested that an order be entered allowing FirstBank to intervene in the instant contested matter and that the motion filed by the Municipality of Carolina be denied.

CERTIFICATE OF SERVICE: It is hereby certified that on this same date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which notify the US Trustee, and that exact copy of the preceding document was forwarded by first class postage prepaid mail to Municipality of Carolina, c/o Bauzá & Gándara, C.S.P., 1612 Ponce de León Ave., Suite 302, San Juan, PR 00909; Compañía de Parques Nacionales, c/o Raúl ó. Hernández González, Esq. and Lourdes M. Méndez, Esq., Box 9022089, San Juan, PR 00902-2089.

San Juan, Puerto Rico, this 17 day of August 2005.

LATIMER, BIAGGI, RACHID & GODREAU
PO BOX 9022512
SAN JUAN, PR 00902-2512
TEL. (787) 724-0230
FAX. (787) 724-9171

/s/ F. David Godreau-Zayas
DAVID GODREAU
USDC-PR NO. 123207

F:\NORMA\CH PROPERTIES\MotionToInterveneand Opposition.wpd

4